■ COMMONWEALTH BANK & TRUST COMPANY, Respondent, v TIOGA MILLS, INC., et al., Appellants. — Appeal from an order of the Supreme Court at Special Term, entered October 4, 1979 in Tioga County, which granted a motion by plaintiff for summary judgment. Defendant Tioga Mills, Inc. (defendant), a New York corporation, executed two mortgages on certain of its real property in New York as security for loans from plaintiff; these transactions occurred in New York. Following defendant's default on the loans, plaintiff commenced this action to foreclose on the mortgages, and defendant appeals from the order granting plaintiff's motion for summary judgment. Defendant contends that since plaintiff, a banking corporation organized under the laws of the Commonwealth of Pennsylvania with no branch or office in New York, is not authorized to transact business in this State, under either article 13 of the Business Corporation Law or article 5 of the Banking Law, it is precluded from maintaining this action by section 1312 of the Business Corporation Law and, pursuant to section 200 of the Banking Law, the mortgages are void and unenforceable. We disagree: The provisions of the Business Corporation Law do not apply to plaintiff. Foreign corporations, such as plaintiff, that are formed for banking purposes and carry on banking business in this State are expressly excluded from the application of the Business Corporation Law, except to the extent that the Banking Law provides otherwise (Business Corporation Law, § 103, subd [a]). There are no provisions in the Banking Law that make the Business Corporation Law applicable to plaintiff here. On the contrary, the Business Corporation Law is expressly made inapplicable to any "corporation" (Banking Law, § 1002), and given the context in which the expansive phrase "all banks" (see Banking Law, § 2, subd 1) is used in defining "corporation" (Banking Law, § 1001, subd 1), an unlicensed foreign banking corporation such as plaintiff is included. Moreover, section 1312 of the Business Corporation Law must be

considered inapplicable here since, as discussed below, a provision of the Banking Law specifically authorizes this action. Section 200 of the Banking Law prohibits a foreign banking corporation from transacting business in this State unless certain requirements are met. Plaintiff concededly has not met these requirements, but the final paragraph of section 200 provides: "This section shall not be construed to prohibit foreign banking corporations which do not maintain an office in this state for the transaction of business from (1) making loans in this state secured by mortgages on real property [or] (2) enforcing in this state obligations heretofore or hereafter acquired by it * * * in the transaction of any business authorized by this section". Since it had no office or branch located in New York for the purpose of transacting business, plaintiff can, pursuant to section 200 of the Banking Law, maintain this action to enforce the obligation created by the mortgages on defendant's real property in New York given to secure loans made in New York. The order granting summary judgment to plaintiff should, therefore, be affirmed. Order affirmed, with costs. Sweeney, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.