OPINION OF THE COURT
Lewis R. Friedman, J.
Plaintiff, an out-of-State, or "foreign” bank (Banking Law § 200), loaned defendants money secured by a mortgage on New York property. Plaintiff seeks to foreclose on that mortgage.
*33 Plaintiff moves to strike defendant’s answer and for summary judgment. Defendant opposes this motion on several grounds including, inter alia, that plaintiff has failed to file to do business in New York. Defendants also cross-move for a stay of all proceedings until plaintiff is authorized to do business in New York.
The seminal issue presented by this motion is whether a foreign bank, not licensed in New York, can maintain an action to enforce a mortgage obligation created on defendant’s New York State property. Surprisingly, there is a paucity of authority on this quintessential matter.
Section 1312 of the Business Corporation Law precludes any foreign corporation not authorized to do business in New York State from bringing any action in New York unless State requirements for doing business have been met. As the court held in Dunbarton Flax Spinning Co. v Greenwich & Johnsonville Ry. Co. (87 App Div 21, 26) "the plaintiff * * * had fully complied with the law and was entitled to maintain [the action] in any of the courts of the State.” (See also, Herzog, Conflict of Laws, 33 Syracuse L Rev 117,134 [1982].)
However, Banking Law § 200 (4) provides that "foreign banking corporations which do not maintain an office in this state for the transaction of business” shall not be constrained from "(2) enforcing in this state obligations * * * in the transaction of any business authorized by this section.” Thus, the question presented to the court is whether the general rule for foreign corporations applies as well to foreign banks.
An analysis of the regulatory scheme shows that the commonsense result must follow: a lender may enforce its rights in New York collateral.
Since colonial times, New York has served as a national, indeed international, financial capital. Obviously the State seeks to encourage investors to bring a maximum amount of funds into the State. Banks, as lending institutions, are uniquely situated, and have the potential, to bring in investment funds. The Legislature sought to increase that potential. On the other hand, lending institutions have traditionally been regulated by the States in which they do business to protect consumers — both borrowers and depositors.
New York’s regulatory structure, of course, applies primarily to banks that maintain offices in this State. That limitation prevents needless duplicative regulation of banks which lend money in interstate markets. The various levels of banking *34 authorization and the degrees of regulatory involvement are indicative of the Legislature’s goal of providing differentiated protection to consumers. Thus, there are different rules for branch offices (see, Banking Law §26), than for representatives (see, Banking Law §§ 221-a — 221-k).
The court can find nothing in the Legislature’s goals which requires regulation of out-of-State banking institutions which merely lend money in New York secured by real property mortgages. The purpose of the Banking Law is "to maintain public confidence in such [banking] business and protect the public interest and the interests of depositors, creditors, shareholders and stockholders” (Banking Law § 10). The statute reflects the Legislature’s interest in affording different levels of protection to those who borrow from, rather than lend to, a bank. Indeed, in an effort to increase available mortgage money, the Legislature has specifically authorized foreign banks without New York branches to lend in this State without qualification or license where the loan is secured by a mortgage on real property. (Banking Law § 200.) The legislative protection of domestic banks from unfair competition, however, requires that loans, secured by other forms of collateral be made "through” a banking institution licensed by New York (Banking Law § 200).
From any point of view it would be outrageous to permit banks to lend money and obtain security in New York real property by use of mortgages but then preclude them from enforcing their rights by closing the courts to them. Obviously, the enforceability of the collateral agreements arises not only in the context of first mortgages on realty by foreign banks, but also when foreign banks consider the marketability of New York mortgage paper. If foreign banks were precluded from enforcement of the collateral in the New York courts, the secondary market for New York mortgage paper would dry up. Thus, the free transfer of mortgages in that market would be seriously impaired.
While it is often the case that classic canons of statutory construction hardly settle controversies (Frankfurter, Some Reflections on the Reading of Statutes, 47 Colum L Rev 527, 544-545) specific legal provisions take precedence over general provisions. (See, e.g., Matter of Erikson v Cohen, 243 App Div 1; McKinney’s Cons Laws of NY, Book 1, Statutes § 397.)
In the instant case the court is confronted by the general rule, stated in Business Corporation Law § 1312, that pre *35 eludes a foreign corporation from bringing suit in the New York courts. The rule, on its face, is applicable to all foreign corporations. The Business Corporation Law makes no exception for banks or other entities. However, the Banking Law at section 200 expressly provides that foreign banks not authorized to do business in New York may make and enforce loans secured by New York real estate. Thus, logically, bringing a foreclosure action in the courts of the State is permitted, under the Banking Law.
The required reconciliation of the general and specific laws leads inescapably to the conclusion that foreign banks are not precluded from bringing actions to enforce their rights in the courts of New York State. Nor are they required, as a condition precedent, to become licensed under any article of the Banking Law or the Business Corporation Law. In an analogous case the court in Commonwealth Bank & Trust Co. v Tioga Mills (78 AD2d 953) held the provisions relating to foreign corporations in the Business Corporation Law inapplicable to the foreign bank; rather, the specific provisions of Banking Law § 200 were held to be binding. Although a foreign bank is a corporation, the court noted that, nevertheless, the foreign bank could transact business including making loans secured by mortgages on real property and enforcing obligations in this State so long as the foreign bank did not maintain an office in this State.
The Federal court in Netherlands Shipmortgage Corp. v Madias (554 F Supp 375, revd on other grounds 717 F2d 731) reached a similar result. However, that court’s analysis was based on a misreading of the statute. The court relied on Banking Law § 1002 (2), which specifically exempts "corporations” and "foreign corporations” from the Business Corporation Law. However, a proper reading of Banking Law § 1001 shows that a foreign bank is not a "foreign corporation”, unless it is licensed under article 5, and it is not a "corporation”, since that term only applies to domestic banks licensed under article 3 (see, Banking Law § 2 [1]).
On still another ground the court in Colonial Mtge. Co. v First Fed. Sav. & Loan Assn. (57 AD2d 1046) allowed suit in the New York courts by a foreign banking entity. Pointing to incidents of "doing business” within the State, that court distinguished the standards for doing business pursuant to CPLR 302 and those for purposes of section 1312 of the Business Corporation Law. "There being no permanence, continuity or regularity of [the foreign bank’s] activities in New *36 York, section 1312 of the Business Corporation Law cannot serve to bar [the foreign bank] from maintaining its action in New York against [defendant]” (Colonial Mtge. Co. v First Fed. Sav. & Loan Assn., supra, at 1047).
None of the defenses is meritorious. In sum, Skylake, a foreign bank which does not maintain an office in New York State, may foreclose on its mortgage at this time.
The motion by Skylake is granted. The cross motion for a stay is denied.