OPINION OF THE COURT
Robert Charles Kohm, J.
Respondents’ motion to dismiss the petition, serve and file their answer, for discovery, and petitioner’s cross motion to amend the notice of petition and petition are decided as follows:
Respondents’ motion is granted only to the extent of allowing respondents to serve and file their answer within five days after service of a copy of this order with notice of entry upon the attorney for petitioner, and of setting the matter down for a hearing on the traverse as to service upon Violet Mills, Inc., and Maytex Mills, Inc., in Part 18 of this courthouse on December 13, 1991, at 9:30 a.m. In all other respects, respondents’ motion is denied.
Respondents argue that the three-day rent demand notice forming the predicate to the instant summary nonpayment proceeding is defective because it was signed by petitioner’s attorney, purportedly on behalf of petitioner, and unaccompanied by proof of the attorney’s authority to act for petitioner, and is therefore ineffective pursuant to Siegel v Kentucky Fried Chicken (108 AD2d 218, affd 67 NY2d 792).
The Siegel case (supra), however, involved the interpretation of a specific lease clause restricting the service of notice upon the tenant to the landlord alone. In the absence of a specific lease provision requiring notices from the landlord personally, Siegel does not apply, and the attorney for the landlord may sign a three-day rent demand on behalf of the landlord without the accompaniment of proof of authorization by the landlord (Vitale v Imenso, NYLJ, Feb 29, 1988, at 17, col 2 [App Term, 2d Dept]; Beau Arts Props. Co. v Whelan, NYLJ, Jan. 12, 1990, at 21, col 2 [App Term, 1st Dept]; 615 Co. v 354 E. 66th St. Realty Corp., NYLJ, Jan. 30, 1991, at 21, col 2 [App Term, 1st Dept]; Chinn v Plastino, NYLJ, Oct. 23, 1991, at 23, col 3 [Hous Part, NY County]). In the instant proceeding, there has been no issue or allegation raised or a showing of any specific lease provision designating anyone in particular who is authorized to send notices on behalf of the landlord. *540 Therefore, the three-day rent notice may not be considered a nullity merely because it was sent by petitioner’s attorney.
Moreover, even where there is a lease provision requiring notices from the landlord personally, proof of authority in a notice signed by the landlord’s attorney is required under Siegel v Kentucky Fried Chicken only if the attorney is "a total stranger to the transaction” (108 AD2d 218, 221, supra), or if the attorney is one "with whom the tenant had never previously dealt” (67 NY2d 792, 794, supra). If the tenant had prior dealings with the landlord through the same attorney, a three-day notice signed by the attorney but not accompanied by authorization of the landlord will be sustained (Melohn v Guy, NYLJ, Mar. 21, 1989, at 21, col 2 [App Term, 1st Dept]; see, Yui Woon Kwong v Sun Po Eng, 147 Misc 2d 750). The affidavits and exhibits submitted in the instant matter show, and respondents admit, that the attorneys involved in the instant matter are the same attorneys who represented the parties in a prior nonpayment proceeding (index No. L&T 78643/91) instituted against respondents by petitioner on August 7, 1991, that a three-day notice followed by a notice of petition and petition were served upon respondents by petitioner through petitioner’s attorney, that extensive correspondence was conducted between the attorneys for the parties and that the proceeding was discontinued by petitioner through his attorney on August 21, 1991. Consequently, respondents’ prior, and very recent, dealings with petitioner through his attorney clearly establish the attorney’s authority of which respondent need be confident, and therefore the three-day notice signed by the attorney is legally sufficient on this basis.
Respondents also raise in their memorandum of law in support of their motion to dismiss an issue of improper verification. In the interest of judicial economy, the court shall treat this claim as if it had been properly raised in respondents’ motion to dismiss.
The petition was verified by petitioner’s attorney. Respondents point out that the verification does not state why it was not made by the party pursuant to CPLR 3021 and for this reason it is defective and the petition must be dismissed.
Pursuant to RPAPL 741, the petitioner’s attorney "may verify the petition upon information and belief notwithstanding the fact that such person is in the county where the attorney has his office.” This provision was added as an *541 amendment to RPAPL 741 in 1979, and obviates in a summary proceeding CPLR 3020 (d) (3) which relates to the authorization of an attorney to verify a pleading on the basis of county and personal knowledge of the allegations of the pleading. The requirement in CPLR 3021 for a statement as to the reason why the pleading was not made by a party relates directly to subdivision (d) (3) of CPLR 3020, and to this extent is inapplicable to a petition in a summary proceeding under the superseding authority of RPAPL 741. Moreover, in view of the case law and statute that articulate the view that pleadings are to be construed liberally and defects ignored unless substantial prejudice would result, even if, arguendo, the absence of a statement as to the reason why verification was not made by petitioner did constitute a technical omission, this court would at most view it as a mere irregularity which may be disregarded (see, CPLR 3026; Cucinotta v Saljon Enters., 140 Misc 2d 681). To the extent that S.P.S.G., Inc. v Collado (113 Misc 2d 167) is to the contrary, this court declines to follow it.
Respondents also argue that since the petition and notice of petition are miscaptioned "Robert” Zirinsky as landlord instead of "Richard” Zirinsky, the correct landlord of respondents, the petition is defective and must be dismissed. The court notes, however, that the three-day notice bears the correct name of petitioner (Richard Zirinsky), that respondents acknowledge Richard Zirinsky as the landlord, that notwithstanding the erroneous caption of the petition and notice of petition, respondents knew and proceeded on the basis of their knowledge that petitioner is Richard Zirinsky, as evidenced by their correspondence and dealings with Richard Zirinsky through his attorney, their admission in their affidavit in support of their motion to dismiss that Richard Zirinsky is in fact the petitioner, and their declaratory judgment action in Supreme Court against Richard Zirinsky which shows that respondents never doubted or were confused as to the identity of petitioner. Clearly, no prejudice has resulted, and indeed none has been claimed, from the miscaptioning of the petition and notice of petition. Defects, mistakes and irregularities are to be ignored by the court absent a showing of prejudice (CPLR 104, 2001, 2101 [f]; 3025 [c]; 3026; Cucinotta v Saljon Enters., supra). Petitioner’s miscaptioning of the petition and notice of petition to read "Robert” Zirinsky instead of "Richard” Zirinsky is at most an amendable irregularity which can be ignored.
*542 As to the contentions of respondents Violet Mills, Inc., Maytex Mills, Inc. and VMI Mills, Inc. that they are not tenants of petitioner and owe no money to petitioner, the affidavits raise questions of fact which must be resolved at trial. In this regard, respondents have failed to show ample need for discovery. The status of respondents as tenants of petitioner does not call for information outside the knowledge of respondents, and the facts necessary to ascertain respondents’ status can be adduced through the ordinary course of testimony and introduction of evidence at trial.
A summary proceeding is designed to be speedily resolved, and discovery is inappropriate, except where ample need has been demonstrated (Hartsdale Realty Co. v Santos, NYLJ, Apr. 26, 1989, at 22, col 4; New York Univ. v Farkas, 121 Misc 2d 643).
Petitioner’s cross motion is granted to the extent that the petition and notice of petition in the within-captioned matter are hereby amended, pursuant to CPLR 3025 (b) to reflect Richard Zirinsky as petitioner instead of Robert Zirinsky, for the reasons heretofore stated.