■ BANQUE ARABE ET INTERNATIONALE D'INVESTISSEMENT, Respondent, v ONE TIMES SQUARE ASSOCIATES LIMITED PARTNERSHIP et al., Defendants, and VAN WAGNER COMMUNICATIONS, INC., Appellant. [597 NYS2d 48] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about August 20, 1992, which denied defendant-appellant's cross motion for summary judgment dismissing the complaint, and order, same court and Justice, entered October 29, 1992, which, *inter alia,* again denied such cross motion and granted plaintiff's cross motion for summary judgment, unanimously affirmed, without costs.

The instant mortgage foreclosure action is authorized notwithstanding that plaintiff, a foreign banking corporation that maintains a representative office in New York (Banking Law §§ 221-a, 221-b [3]), although properly registered is unlicensed (Banking Law § 200 [4]; *Commonwealth Bank & Trust Co. v Tioga Mills,* 78 AD2d 953; *Skylake State Bank v Solar Heat & Insulation,* 148 Misc 2d 32). Nor should plaintiff be estopped from maintaining the action against defendant, a lessee whose

rights were expressly subordinated to the mortgage under foreclosure, absent a showing of any misrepresentation or other affirmative wrongdoing by plaintiff.

Moreover, defendant's request that plaintiff provide it with a non-disturbance agreement as a means of avoiding the subordination clause, first made two months after the foreclosure action had commenced, shows that the required element of reliance upon any claimed misrepresentation was lacking. Concur—Milonas, J. P., Rosenberger, Ellerin and Kupferman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALIA CUENCA, Also Known as DALIA CUENEA, Appellant. [598 NYS2d 706] —Judgment, Supreme Court, Bronx County (Lawrence H. Bernstein, J.), rendered November 5, 1990, unanimously affirmed.