OPINION OF THE COURT
Joseph Gerace, J.
There are two issues in this mortgage foreclosure.
(1) Is summary judgment proper in foreclosure proceedings based on overdue obligations where defendants claim the bank did not loan silver dollars and therefore did not loan lawful money?
(2) Is a foreign corporation not licensed in New York precluded from pursuing a mortgage foreclosure because it is doing business through a loan production office properly registered in New York?
In the index No. H10473 action, plaintiff Integra Bank North (Integra) moves for summary judgment in its action against defendants Gordon and others to foreclose two mortgages given by the Gordons to Integra.
Defendants Gordon responded with an affidavit that included a notice of revocation of signatures and notice of discharge of liability, which the court will accept as an answer.
On May 22, 1987, the Gordons executed a mortgage and mortgage note for $90,000 to refinance a mortgage they gave in 1987 on their Prosser Hill Road residence. The $90,000 was wire transferred to the bank’s attorneys and paid by check to the Gordons’ attorneys.
On January 25, 1990, the Gordons, individually and as president and secretary of Hydro-Clean Pure Water Systems, Inc., gave a $51,193.84 mortgage and note to refinance the April 10, 1989 note.
In defense of the foreclosure, and in their index No. H10588 action against the bank, the Gordons, as plaintiffs, claim that Integra defrauded them by issuing bills of credit rather than delivering silver dollars; that the bank "loaned its intangible credit created out of thin air by bookkeeping entry” rather *693 than by any loan of real dollars; that they didn’t receive money, only a "piece of paper”.
Whatever piece of paper they received from the lender then —whether Federal reserve notes, a check from their attorney —they admittedly used for their own benefit to pay bills and make purchases. The same is true as to proceeds of the $90,000 note.
They are experienced business people, experienced mortgagors; they used checks and paper money in their personal and business transactions; they cannot point to any promise on the part of the bank to lend them silver dollars.
Under current law and the contracts and documents between the parties, the lender could advance the loan by wire transfer, draft, bank checks, paper dollars, silver dollars or any other legal tender. If the Gordons desired to have the mortgage proceeds in silver dollars, they should have incorporated this condition in their mortgage application.
The Gordons contend that article I (§ 10, cl [1]) of the United States Constitution prohibits Integra from lending its credit. Article I, section 10 limits the power of the States but does not limit the power of Congress to determine what shall be legal tender. (See, United States v Benson, 592 F2d 257 [5th Cir 1979].)
In a case similar to this one (Union State Bank v Miller, 335 NW2d 807 [ND 1983]), the Supreme Court of North Dakota held that summary judgment was proper in foreclosure proceedings based on overdue obligations where defendants claimed the bank did not loan silver or gold dollars and therefore did not loan lawful money.
This court agrees with the reasoning and determination of the North Dakota court. The issues in this case are matters of law and may be addressed on a motion for summary judgment, and, summary judgment is appropriate here.
Even if this court determined that the Gordons were entitled to a judgment declaring transactions void or voidable because of fraud, misrepresentation, mistake, etc., under CPLR 3004, the court "may make a tender of restoration a condition of its judgment, and may otherwise in its judgment so adjust the equities between the parties that unjust enrichment is avoided.”
Unless the Gordons are willing to return in kind what they did receive from or through the lender, plus interest and *694 arrearage, they would be guilty of unjust enrichment or the fraud they claim the lender perpetrated on them.
The Gordons argue they are entitled to summary judgment because Integra is a foreign corporation unauthorized to do business in the State (it has not filed a certificate of authority with the Secretary of State) and therefore is precluded by section 1312 of the Business Corporation Law from pursuing foreclosure of a mortgage on plaintiff’s property until plaintiff is authorized to do business here.
The Gordons say operating a loan production office constitutes maintaining an office in New York and constitutes doing business; that section 200 of the Banking Law allowing a foreign corporation that does not maintain an office here to foreclose does not apply; but section 1312 of the Business Corporation Law does apply which means Integra must first be authorized to do business here before it can foreclose even though its production office was created after the loan to the Gordons.
The Gordons also argue that Commonwealth Bank & Trust Co. v Tioga Mills (78 AD2d 953 [3d Dept]) and Skylake State Bank v Solar Heat & Insulation (148 Misc 2d 32) allowed foreclosure by a foreign lender only where it did not " 'maintain an office in this state for the transaction of business’ ”. (Supra, at 33.)
Integra established that the office it maintains here is a loan production office registered under the New York State Banking Department pursuant to section 121 of the former Supervisory Policy CB 121 (codified at 3 NYCRR) which recites that "A loan production office is not a branch office of a bank.” (3 NYCRR 121.1 [b].)
A loan production office may not approve loans, disburse funds, accept deposits or loan repayments. It is limited to the "solicitation of loans on behalf of the bank * * * assembly of credit information, the making of property inspections and appraisals, the securing of title information, [and] the preparation of applications for such loans”. (3 NYCRR 121.2 [a].)
This case is not unlike Banque Arabe et Internationale D'Tnvestissement v One Times Sq. Assocs. (193 AD2d 387), decided by the First Department, Appellate Division in May 1993. That Court held that a mortgage foreclosure action is authorized notwithstanding that plaintiff, a foreign banking corporation that maintains a representative office in New York, although properly registered, is unlicensed.
*695 Representative offices are also defined in Supervisory Policy CB 121 (3 NYCRR 121.2 [b]), as not constituting branch offices, but are authorized to solicit new business, research, serve home office needs, and act as liaisons between the home office and its New York customers, and are also subject to restraints applicable to loan production offices.
Section 1312 of the Business Corporation Law prohibits a foreign corporation doing business in the State "without authority” from maintaining an action until it is authorized to do so. Integra has complied with New York law and regulations and is authorized to maintain a loan production office; it has been given authority to do the limited business of loan production; it already had the right to make mortgage loans at the time it created that office here and the right to foreclose mortgages in default.
It would be inconsistent to hold that before it established the loan production office, it could have foreclosed on a mortgage in default, but that after it obtained authority under the Banking Law to operate a loan production office, it lost the right to sue.
Integra is authorized to maintain this foreclosure action.
Defendants Gordon move for a stay of the motion pending outcome of the "1st amendment petition for redress of GRIEVANCE TO THE CONGRESS OF THE UNITED STATES OF AMERICA” that was filed in the United States Court of Claims and "served to the 104th Congress of the United States”, the Governors of the 50 States, and to the United States Supreme Court.
Defendant/plaintiff Gordons’ motion for a stay of the Integra motion for summary judgment is denied.
CPLR 2201 empowers a court to grant a stay of proceedings "in a proper case” or proper situation. A stay based on action of an appellate court is appropriate if the decision is imminent; the mere pendency of a case on appeal is not of itself ground to stay an action, (see, Matter of Weinbaum, 51 Misc 2d 538.)
The case at bar does not meet the test for a stay. In the first place, the United States Court of Claims is not the proper tribunal for the action sought, but, even if it was, its decision is not "imminent”. Secondly, the petition for the most part seeks legislative action. A stay of a judicial proceeding pending very questionable legislative action on a petition before Congress is inappropriate.
*696 In the index No. H10473 action, the motion of plaintiff Integra to strike out defendants’ answer and directing summary judgment in favor of plaintiff is granted; the motions by defendants Gordon for a stay of the summary judgment and for summary judgment in their favor are denied.
In the index No. H10588 action, the motion by defendant Integra to dismiss the complaint and for summary judgment is granted; the motion of plaintiff Gordons for summary judgment is denied.
In summary, all the motions by Integra in the above-entitled proceedings are hereby granted; all motions by the Gordons are hereby denied, without the costs of the motions. All other costs shall abide events and proceedings to come.