■ FIRST WISCONSIN TRUST COMPANY, Respondent, v SIROUS HAKIMIAN et al., Appellants, et al., Defendants. [654 NYS2d 808] —In an action to foreclose a mortgage, the defendants Sirous Hakimian and Shamsi Dilmanian Hakimian appeal from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated October 31, 1995, which, *inter alia,* denied their motion to vacate the plaintiff's judgment of foreclosure.

Ordered that the order is affirmed, with costs.

Contrary to the contentions of the appellants, the amendment of the caption of the complaint by First Wisconsin Trust Company (hereinafter First Wisconsin) to reflect itself as the plaintiff was proper. Defects, mistakes, and irregularities in pleadings are to be ignored by the court absent a showing of prejudice (*see,* CPLR 104, 2001, 2101 [f]; 3025 [c]; 3026; *see also, Zirinsky v Violet Mills,* 152 Misc 2d 538). Further, courts have held that captions should be liberally construed and defects in form should be disregarded unless demonstratively prejudicial or timely objection has been made (*see, Lunn v Holiday Corp.,* 181 AD2d 1037; *Simpson v Kenston Warehousing Corp.,* 154 AD2d 526; *Homemakers, Inc. v Williams,* 100 AD2d 505; *Pinto v House,* 79 AD2d 361, 364; *Covino v Alside Aluminum Supply Co.,* 42 AD2d 77, 80; *Presidential Mgt. Co. v Farley,* 78 Misc 2d 610, 612).

In this case, no prejudice has resulted, and indeed none was claimed at the Supreme Court, from the miscaptioning of the summons and complaint (*see, Zirinsky v Violet Mills, supra,* at

541). Thus, in light of the explicit notice in the complaint that it was First Wisconsin that was the plaintiff, the appellants' present argument that they were prejudiced is meritless.

Further, the appellants waived any objection to the pleadings due to their failure to reject them (see, Chiulli v Coyne, 210 AD2d 450; Nassau County v Incorporated Vil. of Rosyln, 182 AD2d 678).

Contrary to the appellants' contentions, First Wisconsin was authorized to commence this mortgage foreclosure action. First Wisconsin is a foreign bank which is not licensed in New York State. Banking Law § 200 authorizes foreign banks to loan money secured by mortgages on property in this State and to commence actions to enforce obligations under those mortgages (see, Banque Arabe Et Internationale D'Investissement v One Times Sq. Assocs. Ltd. Partnership, 193 AD2d 387; Integra Bank N. v Gordon, 164 Misc 2d 691, 695; Skylake State Bank v Solar Heat & Insulation, 148 Misc 2d 32).

Further, the action was timely and properly commenced by First Wisconsin (see, CPLR 304, 306-b).

The appellants' remaining contentions are without merit. Bracken, J. P., Santucci, Krausman and McGinity, JJ., concur.