OPINION OF THE COURT
Herbert Kramer, J.
Are the allegations that follow sufficient to establish the plaintiffs’ standing to bring their respective claims in New York?
In Sutton Funding LLC v Parris, the complaint recites that ££[a]t all times hereinafter mentioned, plaintiff SUTTON FUNDING LLC, was and still is duly organized and existing under the laws of the United States of America.”
In Fremont Inv. & Loan v Scott, the complaint recites that “the plaintiff herein is, and at all times hereinafter mentioned is a corporation organized and existing under the laws of the State of California, having its office and principal place of business at 3110 East Guasti Road, Suite 500 Ontario, California 91761.”*
Business Corporation Law § 1312 prohibits a lawsuit in this state by a foreign corporation not authorized to do business in this state.
However,
“the prohibition, against a foreign corporation doing business in New York without authority, from maintaining an action or proceeding in New York . . . does not apply to ... a duly organized foreign banking corporation by operation of [Business Corporation Law § ] 103[a] . . . [and] section 200[4] of the Banking Law [which] provides that foreign banking corporations which do not maintain an office in New York for the transaction of business may make loans in New York secured by mortgages on real property and may enforce in New York obligations acquired by it in the transaction of business *891 authorized by that section.” (Gateway Bank v Oser Ave. Ltd. Partnership, 1993 WL 80531, *1 [Sup Ct, Suffolk County 1993]; see also First Wis. Trust Co. v Hakimian, 237 AD2d 249, 250 [2d Dept 1997] [the plaintiff as a “foreign bank which is not licensed in New York State” was nonetheless “authorized to commence this mortgage foreclosure action . . . (under) Banking Law § 200 (which) authorizes foreign banks to loan money secured by mortgages on property in this State and to commence actions to enforce obligations under those mortgages”].)
While no definition of a “foreign bank” appears within the Banking Law, this court holds that for our purposes a “foreign bank” would be a bank incorporated under the laws of the United States or a sister state. It may also include a bank incorporated outside of the United States under laws providing a definition of “bank” similar to that of Banking Law § 2 (1) which incorporates by reference the provisions of article 3 of the Banking Law.
This court thus holds that a corporation seeking to foreclose a loan secured by a mortgage on property in this state must either be authorized to do business in this state or qualify as a “foreign bank” pursuant to the relevant statutes. Absent such showing, the lender may not maintain an action for this relief. We leave for another day the impact of these requirements upon the viability of an action brought by a loan-servicer.
The complaints in these instant matters are defective since they fail to demonstrate that the plaintiffs meet with these requirements.
Accordingly, the instant matters are dismissed unless within 30 days of the date of this decision a motion to amend the complaint is filed in each of these cases with the Clerk of this court.

 These unopposed foreclosure proceedings have been joined by this court for the purposes of this decision since the complaints in both raise the same issue.