OPINION OF THE COURT
Stephen A. Bucaria, J.
Motion by plaintiff for summary judgment is granted. Cross motion by defendant to dismiss the complaint for lack of capacity to sue is denied.
This is an action upon a written guaranty. Plaintiff Studebaker-Worthington Leasing is a division of Main Street Bank, which is located in Texas. On January 2, 2008, plaintiff entered into an equipment lease with Ro-An Industries Corporation covering a hardware server. The lease was for a term of four years at a rental of $4,565 per month. Paragraph 22 (a) of the lease contains a provision that upon default, the lessor may recover all rent payable to the date of expiration of the lease, discounted at the rate of 6%. Paragraph 23 of the lease provides that the lessee shall pay all costs and expenses in connection with the enforcement of lessor’s rights, including attorney’s fees. The lease was executed by Angela Cervera, who is the vice-president of Ro-An Industries. On the same date that the lease was executed, defendant Angelo Cervera signed an unconditional guaranty of all sums due under the lease.
On October 1, 2009, Ro-An defaulted in the monthly payments due under the lease. On November 17, 2009, an involuntary chapter 7 petition was filed against Ro-An in the United States Bankruptcy Court. Plaintiff alleges that the total amount due under the lease was $113,039.53 as of November 23, 2009. Plaintiff seeks to recover from defendant guarantor the amount due under the lease as well as reasonable attorney’s fees.
Plaintiff moves for summary judgment with respect to its claim for rent due and for partial summary judgment as to liability on its claim for attorney’s fees. Defendant cross-moves to dismiss the complaint pursuant to CPLR 3211 (a) (3) on the ground that plaintiff lacks capacity to sue because it is an unauthorized foreign corporation. Pursuant to Business Corporation Law § 1312, a foreign corporation doing business in New York without authority shall not maintain an action in the state until it has been authorized to do so and has paid all fees and taxes.
*432 “The question of whether a foreign corporation is doing business in New York must be approached on a case-by-case basis with inquiry made into the type of business being conducted” (Highfill, Inc. v Bruce & Iris, Inc., 50 AD3d 742, 743 [2d Dept 2008] [internal quotation marks omitted]). In order for a foreign corporation to be “doing business” in New York within the meaning of Business Corporation Law § 1312, the corporation must be “engaged in a regular and continuous course of conduct in the State” (id.). The defendant bears the burden of proving that the plaintiffs business activities in New York were not just casual or occasional but were so systematic and regular as to manifest continuity of activity in the jurisdiction. Absent sufficient evidence to establish that plaintiff is doing business in New York, the presumption is that the corporation is doing business in its state of incorporation and not in this state.
In support of his motion to dismiss, defendant submits a filing data report generated from the New York State Department of State’s on-line database. The report shows 192 UCC-1 financing statements filed by Studebaker-Worthington Leasing. With respect to each filing, the secured party’s address is listed as 100 Jericho Quadrangle, Jericho, New York. Defendant argues that based upon the large number of UCC filings, plaintiff is doing business in New York State.
In opposition to defendant’s motion, plaintiff argues that it is exempt from the requirements of Business Corporation Law § 1312. Business Corporation Law § 103 (a) provides that
“[t]his chapter shall not apply ... to a foreign corporation of any type or kind . . . which (1) has as its purpose ... a purpose for which a corporation may be formed only under the . . . banking law . . . , and (2) . . . does in this state only the kind of business which can be done lawfully by a corporation formed under the banking law . . . .”
Plaintiff submits a letter from the New York State Banking Department dated May 14, 2008. The letter indicates that Main Street Bank intended to establish a “representative office” at 100 Jericho Quadrangle, Jericho, New York. The letter further indicates that the representative office was registered with the Banking Department. Finally, the letter states that a representative office may not “disburse and/or transmit funds, except loan payments, or accept or contract for deposits or deposit-type liabilities on behalf of a banking institution.”
*433 Foreign corporations which are formed for banking purposes and carry on banking business in this state are excluded from the application of the Business Corporation Law (Commonwealth Bank & Trust Co. v Tioga Mills, 78 AD2d 953 [3d Dept 1980]). An unlicensed foreign banking corporation that maintains a representative office in New York may maintain an action in our courts, provided the office is properly registered (see Banque Arabe Et Internationale D'Investissement v One Times Sq. Assoc. Ltd. Partnership, 193 AD2d 387 [1st Dept 1993]). The court concludes that a nonbanking division of a foreign banking corporation may similarly maintain an action, provided that it is engaged in a kind of business which may be performed lawfully under the Banking Law. Defendant has failed to establish that plaintiffs leasing operation may not be performed lawfully under the Banking Law. Accordingly, defendant’s cross motion to dismiss the complaint for lack of capacity to sue is denied.
On a motion for summary judgment, it is the proponent’s burden to make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 384 [2005]). Failure to make such a prima facie showing requires denial of the motion, regardless of the sufficiency of the opposing papers (id.). However, if this showing is made, the burden shifts to the party opposing the summary judgment motion to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
The court concludes that plaintiff has made a prima facie showing of entitlement to judgment with respect to its claims on the guaranty for rent due and for attorney’s fees. Defendant has failed to come forward with evidence to show a triable issue of fact with respect to these issues. Accordingly, plaintiffs motion for summary judgment is granted with respect to the rent due. Plaintiff may submit a judgment in the amount of $113,039.53, plus interest at the rate of 6% from November 23, 2009.
This matter is referred to the Calendar Control Part (CCP), for a hearing on the issue of attorney’s fees to be held on May 25, 2010 at 9:30 a.m. The plaintiff shall file and serve a note of issue, together with a copy of this order, on all parties and shall serve copies of same, together with receipt of payment, upon *434 the calendar clerk of this court within 20 days of the date of this order. The directive with respect to a hearing is subject to the right of the justice presiding in CCP II to refer the matter to a justice, judicial hearing officer, or a court attorney/referee, as he or she deems appropriate.