HSBC Bank USA v Olivier (2020 NY Slip Op 00108)





HSBC Bank USA v Olivier


2020 NY Slip Op 00108


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2016-07164
 (Index No. 501715/14)

[*1]HSBC Bank USA, etc., respondent, 
v
Karla A. Olivier, etc., et al., appellants, et al., defendants.


David M. Harrison, Brooklyn, NY, for appellants.
Hogan Lovells US LLP, New York, NY (Leah Edmunds, Lisa J. Fried, and Chava Brandriss of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Karla A. Olivier and Dana Reeves Carter appeal from an order of the Supreme Court, Kings County (Noach Dear, J.), dated May 16, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference, and denied that branch of those defendants' cross motion which was for leave to amend their answer to assert the affirmative defense of lack of standing.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this mortgage foreclosure action by the filing of a summons and complaint on February 27, 2014. Following joinder of issue by the defendants Karla A. Olivier and Dana Reeves Carter (hereinafter together the defendants), the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, and the defendants cross-moved for leave to amend their answer, inter alia, to assert the affirmative defense of lack of standing. In an order dated May 16, 2016, the Supreme Court determined that the plaintiff had standing to bring the action, granted those branches of the plaintiff's motion, and denied that branch of the defendants' cross motion. The defendants appeal.
A plaintiff in a mortgage foreclosure action establishes its standing by demonstrating that "it was the holder or assignee of the underlying note at the time the action was commenced" (US Bank N.A. v Nelson, 169 AD3d 110, 114; see Wells Fargo Bank, N.A. v Frankson, 157 AD3d 844, 845). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361; Bank of N.Y. v Silverberg, 86 AD3d 274, 280).
Here, the plaintiff established, prima facie, that it had standing to prosecute this action by demonstrating that the original note, endorsed in blank, a true copy of which was annexed to the complaint, was in its possession at the time it commenced the action (see Central Mtge. Co. v Canas, [*2]173 AD3d 967, 968-969; U.S. Bank N.A. v Clement, 163 AD3d 742, 743-744; Wells Fargo Bank, N.A. v Frankson, 157 AD3d at 845; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 644). The plaintiff further sustained its burden of demonstrating its prima facie entitlement to judgment as a matter of law by submitting the mortgage, the note, and proof of default in the repayment of the obligation (see Wells Fargo Bank, N.A. v Gonzalez, 174 AD3d 555, 557; Deutsche Bank Natl. Trust Co. v Cardona, 172 AD3d 1313, 1315). In opposition, the defendants failed to raise a triable issue of fact, as their arguments regarding the validity of the assignments of mortgage were insufficient for that purpose. Accordingly, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference.
In view of the foregoing determination, the defendants' remaining contention has been rendered academic.
MASTRO, J.P., LEVENTHAL, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court