U.S. Bank Trust N.A. v Auxila (2020 NY Slip Op 07945)





U.S. Bank Trust N.A. v Auxila


2020 NY Slip Op 07945


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-02474
 (Index No. 612935/15)

[*1]U.S. Bank Trust N.A., etc., respondent,
v
Guy Auxila, etc., appellant, et al., defendants.


Jeffrey Herzberg, P.C., Hauppauge, NY, for appellant.
Cohn & Roth, LLC, Mineola, NY (Edward C. Klein of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Guy Auxila appeals from an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated November 16, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer, and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Guy Auxila, to strike his answer, and for an order of reference are denied, and an order of reference of the same court, also dated November 16, 2017, is vacated.
The plaintiff commenced this action against, among others, the defendant Guy Auxila (hereinafter the defendant), to foreclose a consolidated mortgage encumbering certain real property located in Lindenhurst. The defendant answered and raised various affirmative defenses, including lack of standing and failure to comply with RPAPL 1304. The plaintiff moved, inter alia, for summary judgment on the complaint, to strike the defendant's answer, and for an order of reference. By order dated November 16, 2017, the Supreme Court granted the plaintiff's motion, and the defendant appeals. In a separate order, also dated November 16, 2017, the court, inter alia, referred the matter to a referee to compute the amount due to the plaintiff.
In an action to foreclose a mortgage, where, as here, the plaintiff's standing has been placed in issue by the defendant's answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment (see Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d 871, 872; JPMorgan Chase Bank, N.A. v Rosa, 169 AD3d 887, 889). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Nationstar Mtge., LLC v Rodriguez, 166 AD3d 990, 992). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754).
Here, the plaintiff asserts that it was in physical possession of the consolidated note and two undated allonges, one of which contained a specific endorsement to the plaintiff, at the time that it commenced this action. The consolidated note and allonges were not attached to the summons and complaint. In support of its motion for summary judgment, the plaintiff relied upon an affirmation of Edward C. Klein, an associate with Cohn & Roth, the plaintiff's counsel, who stated that the original consolidated note and allonges were sent to Cohn & Roth prior to the commencement of the action and remain in its possession. Klein further stated that he had "personally examined the original [c]onsolidated [n]ote and . . . can confirm that it has been in the possession of [Cohn & Roth], as agent for the [p]laintiff, since prior to the commencement of this action." The plaintiff also relied upon the affidavit of Kolette Modlin, an authorized signatory of Caliber Home Loans (hereinafter Caliber), the attorney in fact for the plaintiff. Modlin averred, based on her review of Caliber's business records, that the plaintiff had physical possession of the consolidated note "prior to referring the Loan to be foreclosed" and that the consolidated note and allonges "[were] sent to [Cohn & Roth] prior to the commencement of the action . . . and remain[ ] in its possession."
Contrary to the determination of the Supreme Court, the plaintiff's submissions in support of its motion were insufficient to satisfy its prima facie burden of establishing that it had standing to commence this action. While a witness may always testify as to matters within his or her personal knowledge through personal observation (see Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1021; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205), here, Klein did not provide any factual details concerning when Cohn & Roth came into physical possession of the consolidated note and allonges (see Wells Fargo Bank, N.A. v Bakth, 180 AD3d 1106, 1107; Wells Fargo Bank, N.A. v Elsman, 179 AD3d 867, 869; Deutsche Bank Natl. Trust Co. v Barnett, 88 AD3d 636, 638; cf. Bank of N.Y. Mellon v Gordon, 171 AD3d at 203-207; Bank of Am., N.A. v Tobing, 163 AD3d 518, 519). Modlin's affidavit was similarly deficient inasmuch as she failed to identify the documents reviewed or any basis for the conclusion that the consolidated note and allonges had been in the plaintiff's possession and were sent to Cohn & Roth prior to the commencement of the action. Under these circumstances, the statements made by Klein and Modlin constituted inadmissible hearsay and lacked probative value (see Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d at 1021; HSBC Bank USA, N.A. v Campbell-Antoine, 179 AD3d 1043, 1045; Nationstar Mtge., LLC v Jean-Baptiste, 178 AD3d 883, 885). Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference.
The defendant's additional contention that the plaintiff failed to comply with RPAPL 1304 by failing to send the required notice within 12 months prior to commencing this action is without merit (see Deutsche Bank Natl. Trust Co. v Webster, 142 AD3d 636, 639). Moreover, we agree with the Supreme Court's determination that the defendant waived the defense of lack of capacity to sue predicated upon failure to comply with General Associations Law § 18 (see Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239).
The defendant's remaining contention is without merit.
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court