Wells Fargo Bank, N.A. v Ghobrial (2021 NY Slip Op 04630)





Wells Fargo Bank, N.A. v Ghobrial


2021 NY Slip Op 04630


Decided on August 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2019-02924
 (Index No. 100867/08)

[*1]Wells Fargo Bank, N.A., respondent,
v
Malak Ghobrial, et al., appellants, et al., defendants.


Robert E. Brown, P.C., Staten Island, NY, for appellants.
Reed Smith LLP, New York, NY (James N. Faller and Andrew B. Messite of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Malak Ghobrial and Stephanie Naveja-Ghavrial appeal from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated December 13, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer, and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Malak Ghobrial and Stephanie Naveja-Ghavrial, to strike their answer, and for an order of reference are denied.
The plaintiff commenced this action against the defendants Malak Ghobrial and Stephanie Naveja-Ghavrial (hereinafter together the defendants), among others, to foreclose a mortgage secured by certain real property in Staten Island. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and an order of reference. The defendants opposed the motion and cross-moved to dismiss the complaint on the ground that the plaintiff lacked standing. By order dated December 13, 2018, the Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. The defendants appeal.
In moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default (see Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002). Here, the plaintiff established its prima facie entitlement to judgment as a matter of law on the complaint by producing the note, the mortgage, and evidence of the defendants' default (see US Bank N.A. v Blake-Hovanec, 191 AD3d 821; HSBC Bank USA v Olivier, 179 AD3d 648, 649).
In opposition, however, the defendants raised a triable issue of fact as to whether the plaintiff was the holder or assignee of the note at the time the action was commenced. The defendants submitted the affidavits of two vice presidents of the plaintiff, each of whom attested that [*2]Bank of America, N.A., not the plaintiff, was in possession of the note on November 28, 2006, and continued to possess the note when this action was commenced.
Contrary to the plaintiff's contention, the defendants did not waive the affirmative defense of lack of standing. RPAPL 1302-a (as added by L 2019, ch 739, § 1 [eff Dec. 23, 2019]) provides that, notwithstanding the provisions of CPLR 3211(e), "any objection or defense based on the plaintiff's lack of standing in a foreclosure proceeding related to a home loan, as defined in paragraph (a) of subdivision six of section thirteen hundred four of this article, shall not be waived if a defendant fails to raise the objection or defense in a responsive pleading or pre-answer motion to dismiss."
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference.
LASALLE, P.J., CHAMBERS, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court