**Ditech Fin. LLC v McGuire**

2025 NY Slip Op 31756(U)

May 15, 2025

Supreme Court, Suffolk County

Docket Number: Index No. 610894/2016

Judge: Christopher Modelewski

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SHORT FORM ORDER

Index No. 610894/2016

### SUPREME COURT - STATE OF NEW YORK
### I.A.S. PART 17 - SUFFOLK COUNTY

**PRESENT:**

HON. CHRISTOPHER MODELEWSKI
Justice of the Supreme Court

MOTION DATE  04/07/2025 (004)
Mot. Seq. # 004-MD

---------------------------------------------------------------X

DITECH FINANCIAL LLC F/K/A GREEN
TREE FINANCIAL SERVICING LLC,

                Plaintiff,

     -against-

MICHAEL MCGUIRE A/K/A MICHAEL C.
MCGUIRE, SIMONE WOLFE-MCGUIRE
A/K/A SIMONE MCGUIRE A/K/A SIMONE
WOLFE, CITIBANK, N.A., UNITED STATES
OF AMERICA, O/B/O IN INTERNAL
REVENUE SERVICE, JEANMARIE
COSTELLO, ESQ., SUFFOLK FEDERAL
CREDIT UNION, PORTFOLIO RECOVERY
ASSOCIATES, LLC, CLERK OF THE
SUFFOLK COUNTY DISTRICT COURT,
CLERK OF THE SUFFOLK COUNTY
TRAFFIC & PARKING VIOLATIONS
AGENCY

"JOHN DOE #1" through "JOHN DOE #12," the
last twelve names being fictitious and unknown
to plaintiff, the persons or parties intended being
the tenants. occupants. persons or corporations, if
any, having or claiming an interest in or lien upon
the premises, described in the complaint,

                Defendants.

---------------------------------------------------------------X

FRIEDMAN VARTOLO LLP
Attorneys for Plaintiff
1325 Franklin Avenue, Suite 160
Garden City, New York 11530

LAW OFFICE OF MICHAEL G. MCAULIFFE
Attorneys for McGuire Defendants
68 South Service Road, Suite 100
Melville, New York 11747

Upon the E-file document list numbered 98 to 115 and 117 to 119, read and considered on the motion by defendants Michael McGuire and Simone McGuire for an order granting them summary judgment dismissing the complaint; it is

**ORDERED** that the motion by defendants Michael McGuire and Simone McGuire for an order granting them summary judgment dismissing plaintiff's complaint is denied. As to plaintiff's capacity to

1 of 3

[* 1]

commence this foreclosure action, defendants failed to assert plaintiff's lack of capacity as an affirmative defense in their answer and thus, this defense was waived (*see* CPLR 3211 [e]; *see also* **U.S. Bank Trust N.A. v Auxila,** 189 AD3d 1514, 1516, 139 NYS3d 236 [2d Dept 2020]; **Household Bank (SB), N.A. v Mitchell,** 12 AD3d 568, 785 NYS2d 116 [2d Dept 2004]). Notwithstanding, defendants failed to meet their prima burden under section 1312 of the Business Corporation Law ("BCL 1312") in support of this unpled defense (*see* **JPMorgan Chase Bank, N.A. v Didato,** 185 AD3d 801, 802-803, 128 NYS3d 520 [2d Dept 2020] citing **S & T Bank v Spectrum Cabinet Sales,** 247 AD3d 373, 668 NYS2d 641 [2d Dept 1998]). In opposition, plaintiff provided a Department of State Division of Corporations website detail regarding plaintiff, wherein plaintiff is listed as a foreign limited liability company, with an effective New York Department of State filing date of June 12, 2003, a date prior to the commencement of this action. Furthermore, under Banking Law § 200, a foreign banking corporation is authorized to commence actions in New York to enforce mortgages and notes that it acquires (*see* **First Wis. Trust Co. v Hakimian,** 237 AD2d 249, 654 NYS2d 808 [2d Dept 1997]; **Flat Rock Mortgage Inv. Trust v Lott,** 214 AD3d 1221, 187 NYS3d 122 [3d Dept 2023] citing **Commonwealth Bank & Trust Co. v Tioga Mills, Inc.,** 78 AD2d 953, 953, 433 NYS2d 519 [3d Dept 1980]; **Bank of New York v Morga,** 56 Misc3d 256, 259, 54 NYS3d 527, 530-31 [Sup Ct, Suffolk County 2017]["plaintiff's ability to enforce the note and mortgage is protected by Banking Law §200 and §200-a"] ; *see also* **Valley Nat. Bank v Soho Properties, Inc.,** 34 Misc.3d 1237 [A], 950 NYS2d 611 [Sup Ct, New York County 2012] citing **Commonwealth Bank & Trust Co. v Tioga Mills, Inc.,** *supra* [foreign banking corporations are excluded from BCL 1312]; **Skylake State Bank v Solar Heat & Insulation of Cent. Utah,** 148 Misc.2d 32, 559 NYS2d 930 [Sup Ct, Bronx County 1990] citing **Commonwealth Bank & Trust Co. v Tioga Mills, Inc.,** *supra* ["logically bringing a foreclosure action in the courts of the State is permitted under the Banking Law" and BCL 1312 cannot bar a lender from maintaining a foreclosure action in New York]). As such, defendants are not entitled to summary judgment on their unpled lack of capacity defense; and it is further

**ORDERED** that defendants are not entitled to summary judgment on their defense of plaintiff's lack of standing. In opposition, plaintiff established its standing to commence this foreclosure action, as a copy of the subject note, endorsed in blank, was attached to the complaint at the commencement of this action (*see* **Bank of New York Mellon v Swift,** 213 AD3d 624, 183 NYS3d 513 [2d Dept 2023]; **U.S. Bank N.A. v Cox,** 203 AD3d 1206, 166 NYS3d 41 [2d Dept 2022]; **Bayview Loan Servicing, LLC v Caracappa,** 202 AD3d 900, 159 NYS3d 691 [2d Dept 2022]; **U.S. Bank, N.A. v Zientek,** 192 AD3d 1189, 146 NYS3d 169 [2d Dept 2021]). Where "the note is affixed to the complaint, it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date" (**U.S. Bank N.A. v Cox,** 203 AD3d 1206, 1209, 166 NYS3d 41.44 [2d Dept 2022]; *see also* **Wells Fargo Bank, N.A. v Gonzalez**, 174 AD3d 555, 556, 104 NYS3d 167 [2d Dept 2019]; **Deutsche Bank Natl. Trust Co. v Logan**, 146 AD3d 861, 863, 45 NYS3d 189 [2d Dept 2017]). Any assignments of the mortgage are irrelevant to the issue of plaintiff's standing to foreclose, because the mortgage is not the dispositive document of title (*see* **Bank of NY Mellon v Swift,** 213 AD3d 624, 183 NYS3d 513 [2d Dept 2023]; **Citimortgage, Inc. v Zagoory**, 198 AD3d 715, 155 NYS3d 424 [2d Dept 2021]; **HSBC Bank USA v Olivier**, 179 AD3d 648, 113 NYS3d 590 [2d Dept 2020]; **Deutsche Bank Natl. Trust Co. v Whalen**, 107 AD3d 931, 969 NYS2d 82 [2d Dept 2013]); and it is further

**ORDERED** that defendants are not entitled to summary judgment on their defense alleging plaintiff's failure to comply with RPAPL 1304. Defendants' bare and unsupported denial of receipt of the RPAPL 1304 notice is insufficient (*see* **CIT Bank N.A. v Schiffman,** 36 NY3d 550, 145 NYS3d 1 [2021]; **Charles Schwab Bank v Winitch,** 179 AD3d 1003, 1005, 117 NYS3d 307 [2d Dept 2020][bare denial of receipt of RPAPL 1304 notice insufficient on borrower's prima facie case for dismissal of complaint]), and defendants otherwise do not meet their prima facie burden by merely pointing to alleged gaps in plaintiff's case (*see* **Deutsche Bank Natl. Trust Co. v Homar**, 163 AD3d 522, 80 NYS3d 409 [2d Dept 2018]). In this regard, defendants failed to provide any admissible evidence establishing that plaintiff affirmatively failed to meet the requirements of the statute. In opposition, plaintiff refers to the filed copy of the affidavit of service of the person who actually mailed the 90-day pre-foreclosure notice, an employee of plaintiff, therein indicating that the attached notice from plaintiff was personally sent to

[* 2]

each of the borrowers separately on April 15, 2016 by both first-class mail and certified mail. Attached to the affidavit of service were the RPAPL 1304 notices and certified mail tracking numbers. Thus, plaintiff has, at the very least, raised a question of fact on this defense sufficient to defeat defendants' motion (*see e.g. **Bank of N.Y. Mellon v Dilavore,*** 233 AD3d 930, 222 NYS3d 642 [2d Dept 2024]; ***McCormick 110, LLC v Gordon,*** 200 AD3d 672, 159 NYS3d 83 [2d Dept 2021]; ***Ditech v Naidu,*** 198 AD3d 611, 156 NYS3d 27 [2d Dept 2021]; ***Charles Schwab Bank Winitch,*** 179 AD3d 1003, 117 NYS3d 307 [2d Dept 2020]); and it is further

**ORDERED** that defendants are not entitled to summary judgment on their defense that plaintiff did not satisfy the contractual condition precedents to acceleration of the subject loan. In opposition, plaintiff correctly argues that its alleged compliance with RPAPL 1304, which defendants have not refuted with sufficient admissible evidence, satisfies the notice of default requirement in the mortgage (*see also **Fed. Natl. Mtge. Assn. v Ambrosio***, 197 AD3d 560, 153 NYS3d 58 [2d Dept 2021][compliance with 90-day notice requirements satisfies the 30-day default notice requirement in the mortgage]; ***Wachovia Bank, N.A. v Carcano***, 106 AD3d 724, 965 NYS2d 516 [2d Dept 2013][same]). Therefore, plaintiff has, at the very least, raised a question of fact sufficient to defeat defendants' motion for summary judgment on this defense as well.

Accordingly, the motion by defendants for summary judgment dismissing the complaint is denied.

The foregoing constitutes the decision and Order of the Court.

Dated: May 15, 2025

_____
HON. CHRISTOPHER MODELEWSKI, J.S.C.

_____ FINAL DISPOSITION    __X__ NON-FINAL DISPOSITION

[* 3]