21st Mtge. Corp. v Rivera (2021 NY Slip Op 04116)





21st Mtge. Corp. v Rivera


2021 NY Slip Op 04116


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-01117
2019-05328
 (Index No. 62926/17)

[*1]21st Mortgage Corporation, etc., appellant,
v
Rosario Rivera, respondent, et al., defendants.


Philips Lytle LLP, Buffalo, NY (Preston L. Zarlock of counsel), for appellant.
Clair & Gjertsen, White Plains, NY (Mary Aufrecht of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated December 11, 2018, and (2) an order of the same court dated April 11, 2019. The order dated December 11, 2018, denied the plaintiff's motion for summary judgment on the complaint and dismissing the counterclaim of the defendant Rosario Rivera, and for an order of reference, and granted that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against her and on her counterclaim, which was pursuant to RPAPL article 15 to cancel and discharge of record the mortgage. The order dated April 11, 2019, insofar as appealed from, upon reargument, adhered to the original determination in the order dated December 11, 2018.
ORDERED that the order dated December 11, 2018, is reversed, on the law, that branch of the plaintiff's motion which was for summary judgment dismissing the counterclaim of the defendant Rosario Rivera is granted, the cross motion of the defendant Rosario Rivera for summary judgment dismissing the complaint insofar as asserted against her and on her counterclaim is denied, the order dated April 11, 2019, is vacated, and the matter is remitted to the Supreme Court, Westchester County, for a new determination of those branches of the plaintiff's motion which were for summary judgment on the complaint and for an order of reference in accordance herewith; and it is further,
ORDERED that the appeal from the order dated April 11, 2019, is dismissed as academic in light of our determination on the appeal from the order dated December 11, 2018; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In 2007, the defendant Rosario Rivera (hereinafter the defendant) executed a note and mortgage encumbering real property located in West Harrison. In 2009, nonparty GMAC Bank commenced an action to foreclose the mortgage (hereinafter the 2009 action). The 2009 action was voluntarily discontinued in 2012. Thereafter, in 2017, the plaintiff commenced this action to foreclose the mortgage. The defendant interposed an answer in which she asserted a counterclaim, which was pursuant to RPAPL article 15 to cancel and discharge of record the mortgage due to the alleged expiration of the statute of limitations.
The plaintiff moved for summary judgment on the complaint and dismissing the defendant's counterclaim, and for an order of reference. The defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against her and on her counterclaim, contending that the statute of limitations for the commencement of an action to foreclose the mortgage began to run in 2009, such that the instant action, commenced in 2017, was time-barred. In an order dated December 11, 2018, the Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. The plaintiff subsequently moved for leave to reargue its prior motion and its opposition to the defendant's prior cross motion. In an order dated April 11, 2019, the court, upon reargument, adhered to the original determination. The plaintiff appeals.
The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law dismissing the defendant's counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage due to the expiration of the statute of limitations. An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]), which begins to run on the entire debt once the debt is accelerated (see Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d 1002, 1003). "[W]here the maturity of the debt has been validly accelerated by commencement of a foreclosure action, the noteholder's voluntary withdrawal of that action revokes the election to accelerate, absent the noteholder's contemporaneous statement to the contrary" (Freedom Mtge. Corp. v Engel, _____ NY3d _____, _____, 2021 NY Slip Op 01090, *2).
Here, although the mortgage debt was accelerated by the commencement of the 2009 action, the plaintiff demonstrated, prima facie, that the 2009 action was voluntarily discontinued, such that the acceleration of the debt was revoked (see _____ NY3d at _____, 2021 NY Slip Op 01090, *2). The plaintiff therefore demonstrated, prima facie, that the instant action is not time-barred (see _____ NY3d at _____, 2021 NY Slip Op 01090, *2). In opposition, the defendant failed to raise a triable issue of fact.
Accordingly, that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's counterclaim should have been granted. For the same reason, the defendant's motion for summary judgment dismissing the complaint insofar as asserted against her and on her counterclaim should have been denied. Further, since the only basis for denying those branches of the plaintiff's motion which were for summary judgment on the complaint and for an order of reference was the Supreme Court's determination that the action was time-barred, we reverse the denial of those branches of the plaintiff's motion and remit the matter to the Supreme Court, Westchester County, for consideration of the issues raised therein by the parties, and for a new determination of those branches of the plaintiff's motion thereafter.
RIVERA, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court