Nationstar Mtge., LLC v Mei Kuey Wu Huang (2022 NY Slip Op 01798)





Nationstar Mtge., LLC v Mei Kuey Wu Huang


2022 NY Slip Op 01798


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-05100
 (Index No. 712312/17)

[*1]Nationstar Mortgage, LLC, etc., appellant,
v
Mei Kuey Wu Huang, respondent, et al., defendants.


McCalla Raymer Leibert Pierce, LLC, New York, NY (Charles Jeanfreau of counsel), for appellant.
Queens Volunteer Lawyers Project, Inc., Jamaica, NY (Justin Auslaender of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated February 5, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Mei Kuey Wu Huang and for an order of reference, and granted that branch of that defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against her as time-barred.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the cross motion of the defendant Mei Kuey Wu Huang which was for summary judgment dismissing the complaint insofar as asserted against her as time-barred is denied, and the matter is remitted to the Supreme Court, Queens County, for a new determination of those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Mei Kuey Wu Huang and for an order of reference in accordance herewith.
In September 2017, the plaintiff commenced this foreclosure action against, among others, the defendant Mei Kuey Wu Huang (hereinafter the defendant). Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion and cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her as time-barred. The Supreme Court, inter alia, granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against her as time-barred, and, for the same reason, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). In the case of an installment loan, a separate cause of action accrues as to each missed payment, but once the debt is accelerated, the limitations period begins to run on the entire debt (see U.S. Bank N.A. v Davids, 197 AD3d 1203, 1204; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). Acceleration of a mortgage debt requires an unequivocal overt act, such as the commencement of a foreclosure action which specifically invokes that relief (see Freedom Mtge. Corp. v Engel, 37 NY3d 1). However "where acceleration occurred by virtue of the filing of a [*2]complaint in a foreclosure action, the noteholder's voluntary discontinuance of that action constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an[y] express, contemporaneous statement to the contrary by the noteholder" (id. at 32; see Citibank, N.A. v Kletzky, 196 AD3d 459, 461).
Here, the defendant established that the mortgage debt was accelerated in 2011, when the plaintiff's predecessor in interest commenced a prior foreclosure action and elected, in the complaint, to call due the entire amount secured by the mortgage (see Pennymac Corp. v Smith, 199 AD3d 820; U.S. Bank N.A. v Davids, 197 AD3d at 1204). However, the defendant's motion papers also included a stipulation indicating that the prior action was voluntarily discontinued in September 2012. Therefore, since the acceleration was revoked as a matter of law when the prior action was voluntarily discontinued, this action was timely (see Freedom Mtge. Corp. v Engel, 37 NY3d at 32; U.S. Bank N.A. v Davids, 197 AD3d at 1204; Citibank, N.A. v Kletzky, 196 AD3d at 461). Accordingly, the Supreme Court should have denied that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against her as time-barred.
Moreover, since the only basis for denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference was the Supreme Court's determination that the action was time-barred, we reverse the denial of those branches of the plaintiff's motion and remit the matter to the Supreme Court, Queens County, for consideration of the issues raised therein by the parties, and for a new determination of those branches of the plaintiff's motion thereafter (see 21st Mtge. Corp. v Rivera, 195 AD3d 985, 987-988).
CHAMBERS, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court