U.S. Bank N.A. v Cox (2022 NY Slip Op 02149)





U.S. Bank N.A. v Cox


2022 NY Slip Op 02149


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2018-03256 
2018-03257
 (Index No. 67082/16)

[*1]U.S. Bank National Association, etc., respondent,
v
Susanne M. Cox, appellant, et al., defendants.


Clair & Gjertsen, White Plains, NY (Mary Aufrecht of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Margaret Stefandl of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Susanne M. Cox appeals from (1) an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated January 24, 2018, and (2) an order of the same court dated January 25, 2018. The order dated January 24, 2018, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer and affirmative defenses, to treat her answer as a limited notice of appearance, and for an order of reference, and denied that defendant's cross motion pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against her. The order dated January 25, 2018, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the order dated January 24, 2018, is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Susanne M. Cox, to strike her answer and affirmative defenses other than the first and fourth affirmative defenses, which alleged lack of standing and the statute of limitations, respectively, to treat her answer as a limited notice of appearance, and for an order of reference, and substituting therefor a provision denying those branches of the plaintiff's motion; as so modified, the order dated January 24, 2018, is affirmed insofar as appealed from, and so much of the order dated January 25, 2018, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Suzanne M. Cox, to strike her answer and affirmative defenses other than the first and fourth affirmative defenses, to treat her answer as a limited notice of appearance, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff is vacated; and it is further,
ORDERED that the appeal from so much of the order dated January 25, 2018, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Suzanne M. Cox, to strike her answer and affirmative defenses other than the first and fourth affirmative defenses, to treat her answer as a limited notice of appearance, and for an order of reference, and appointed a referee to compute the amount due to [*2]the plaintiff is dismissed as academic in light of our determination on the appeal from the order dated January 24, 2018; and it is further,
ORDERED that the order dated January 25, 2018, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
In July 2007, the defendant Susanne M. Cox (hereinafter the defendant) executed a note in the sum of $404,000, which was secured by a mortgage on residential real property located in Pleasantville. In December 2009, the plaintiff commenced an action (hereinafter the 2009 action) against the defendant, among others, to foreclose the mortgage, and accelerated the mortgage debt. The complaint alleged that the defendant was in default on her mortgage payments as of July 1, 2009. In February 2011, the 2009 action was dismissed without prejudice as a result of the plaintiff's failure to submit an attorney affirmation.
Several years later, in a letter dated October 12, 2015, the plaintiff's attorney informed the defendant that the plaintiff was de-accelerating the mortgage debt, withdrawing its prior demand for immediate payment of the entire loan balance, and reinstituting the loan as a monthly installment loan.
In November 2016, the plaintiff commenced this foreclosure action. The defendant interposed an answer in which she asserted various affirmative defenses, including lack of standing, failure to comply with the notice requirements of RPAPL 1304, and the statute of limitations. In October 2017, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer and affirmative defenses, to treat her answer as a limited notice of appearance, and for an order of reference. The defendant cross-moved pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred, or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against her based on the plaintiff's failure to comply with RPAPL 1304 and its lack of standing. In an order dated January 24, 2018, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. In an order dated January 25, 2018, the court, among other things, granted the same relief to the plaintiff and referred the matter to a referee to compute amount due to the plaintiff. The defendant appeals from both orders.
Initially, the Supreme Court correctly determined that the defendant failed to meet her initial burden of establishing, prima facie, that the plaintiff's time in which to sue had expired (see CPLR 3211[a][5]; HSBC Bank USA, N.A. v Gold, 171 AD3d 1029, 1030). Contrary to the plaintiff's contention, the debt on the note was validly accelerated by the filing of the summons and complaint in the 2009 action (see Everhome Mtge. Co. v Aber, 195 AD3d 682, 684; Bank of N.Y. Mellon v Dieudonne, 171 AD3d 34, 39). However, a lender may revoke its election to accelerate, if it does so by an affirmative act of revocation within the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action (see NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069-1070). The Court of Appeals recently rejected the theory, advanced by the defendant here, that a lender may be barred from revoking the acceleration if the revocation appears to be motivated by a desire to avoid the expiration of the statute of limitations, since "[a] noteholder's motivation for exercising a contractual right is generally irrelevant" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 36). Here, the plaintiff validly revoked its election to accelerate the mortgage within the six-year limitations period by sending a letter to the defendant clearly and unambiguously stating that the mortgage debt was de-accelerated and was reinstituted as a monthly installment loan. Accordingly, the defendant failed to establish, prima facie, that the action was time-barred.
The Supreme Court also correctly determined that the defendant was not entitled to summary judgment dismissing the complaint insofar as asserted against her based upon the plaintiff's lack of standing. The plaintiff established, prima facie, its standing to commence the action by demonstrating that it had physical possession of the note at the time it commenced the [*3]action, as evidenced by its attachment of a copy of the note, endorsed in blank, to the summons and complaint (see Wells Fargo Bank, N.A. v Dupass, 180 AD3d 846, 847; U.S. Bank N.A. v Bochicchio, 179 AD3d 1133, 1135). Contrary to the defendant's contention, she failed to raise a triable issue of fact as to the plaintiff's standing, since, "where the note is affixed to the complaint, it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date" (U.S. Bank N.A. v Greenberg, 168 AD3d 893, 895).
Contrary to the defendant's contention, the plaintiff demonstrated, prima facie, that it complied with RPAPL 1304 to the extent that it mailed the RPAPL 1304 notice to the defendant at her last known address, as well as at the subject property, by both certified and first-class mail. The plaintiff's submissions included an affidavit of a person employed as a document execution specialist by the plaintiff's loan servicer that described the procedure by which the RPAPL 1304 notice was mailed to the defendant by both certified and first-class mail. The plaintiff also submitted copies of envelopes addressed to the defendant, two for each of the addresses, bearing certified mail 20-digit barcodes and first-class mail 10-digit barcodes, along with copies of the notices (see Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d 1308, 1309-1310; Nationstar Mtge., LLC v LaPorte, 162 AD3d 784, 786). In opposition, the defendant failed to raise a triable issue of fact (see CIT Bank N.A. v Schiffman, 36 NY3d 550, 557-558).
Nevertheless, the plaintiff failed to tender sufficient evidence demonstrating the absence of triable issues of fact as to its strict compliance with the content requirements of RPAPL 1304. When this action was commenced in 2016, RPAPL 1304(1) required that the notice sent to borrowers contain the following language: "'As of . . . , your home loan is . . . days in default. Under New York State Law, we are required to send you this notice to inform you that you are at risk of losing your home. You can cure this default by making the payment of . . . dollars by. . .'" (RPAPL former 1304[1]; see L 2009, ch 507, § 1-a).
The 90-day notice sent to the defendant stated that, as of November 18, 2015, her loan was 2330 days in default—indicating a default date in July 2009. However, both the notice of default required by the mortgage agreement and the complaint alleged that the plaintiff had defaulted on the loan in May 2011. At least one of these three documents, then, contained an error concerning information that was required under RPAPL 1304. Notably, the plaintiff's response to the defendant's cross motion for summary judgment did not attempt to clarify this discrepancy; it only addressed the service of the 90-day notice. The plaintiff's appellate brief likewise does not address this issue. Accordingly, the plaintiff did not eliminate the existence of a triable issue of fact as to whether the RPAPL 1304 notice was defective on its face (see Sparta GP Holding Reo Corp. v Lynch, 186 AD3d 894, 895-896; Flagstar Bank, FSB v Damaro, 145 AD3d 858, 860; Hudson City Sav. Bank v DePasquale, 113 AD3d 595, 596; cf. Citibank, N.A. v Crick, 176 AD3d 776, 778).
Accordingly, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer and affirmative defenses other than the first and fourth affirmative defenses, to treat her answer as a limited notice of appearance, and for an order of reference should have been denied without regard to the sufficiency of the defendant's opposition papers (see Hudson City Sav. Bank v DePasquale, 113 AD3d at 596).
CONNOLLY, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court