FV-I, Inc. v Thomas (2022 NY Slip Op 02394)

FV-I, Inc. v Thomas

2022 NY Slip Op 02394

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
REINALDO E. RIVERA
PAUL WOOTEN, JJ.

2019-05814
 (Index No. 713298/17)

[*1]FV-I, Inc., etc., appellant-respondent, 
v
Pamela Thomas, respondent-appellant, et al., defendants.

McGlinchey Stafford PLLC, New York, NY (Margaret J. Cascino and Amier Shenoda of counsel), for appellant-respondent.
Harvey Sorid P.C., Uniondale, NY, for respondent-appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals, and the defendant Pamela Thomas cross-appeals, from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered April 5, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Pamela Thomas, to strike her answer, and for an order of reference. The order, insofar as cross-appealed from, denied the cross motion of the defendant Pamela Thomas for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is reversed insofar as appealed from, on the law, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Pamela Thomas, to strike her answer, and for an order of reference are granted; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In 2007, the defendant Pamela Thomas (hereinafter the defendant) executed a note promising to repay a loan in the sum of $665,680, which was secured by a mortgage on real property located in Queens. In May 2011, the plaintiff's predecessor in interest commenced an action to foreclose the mortgage. That action was voluntarily discontinued pursuant to a stipulation executed by the parties in December 2016.
The plaintiff then commenced this action to foreclose the mortgage in September 2017. The defendant answered, asserting, as an affirmative defense, that the action was time-barred. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against her. In an order entered April 5, 2019, the Supreme Court, inter alia, denied those branches of the plaintiff's motion and the defendant's cross motion, determining that there were triable issues of fact as to whether the action was time-barred. The plaintiff appeals, and the defendant cross-appeals.
"An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]), which begins to run on the entire debt once the debt is accelerated" (21st Mtge. Corp. v Rivera, 195 AD3d 985, 987). "Acceleration of a mortgage debt requires an unequivocal overt act, such as the commencement of a foreclosure action which specifically invokes that relief" (Citibank, N.A. v Kletzky, 196 AD3d 459, 461). However, "where the maturity of the debt has been validly accelerated by commencement of a foreclosure action, the noteholder's voluntary withdrawal of that action revokes the election to accelerate, absent the noteholder's contemporaneous statement to the contrary" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 19).
Here, although the mortgage debt was accelerated by the commencement of the 2011 action, the plaintiff demonstrated that the 2011 action was voluntarily discontinued, such that the acceleration of the debt was revoked (see id. at 32). Therefore, the instant action is timely (see U.S. Bank N.A. v Krakoff, 199 AD3d 859, 862).
The contentions raised by the defendant on her cross appeal are without merit.
DILLON, J.P., BRATHWAITE NELSON, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court