Deutsche Bank Natl. Trust Co. v Fresca (2022 NY Slip Op 04948)

Deutsche Bank Natl. Trust Co. v Fresca

2022 NY Slip Op 04948

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-07899
 (Index No. 135001/18)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Virginia Fresca, etc., respondent, et al., defendants.

Hinshaw & Culbertson LLP, New York, NY (Brian S. McGrath of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated April 3, 2019. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment dismissing the thirteenth affirmative defense of the defendant Virginia Fresca and granted that defendant's cross motion pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred and to cancel the notice of pendency.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment dismissing the thirteenth affirmative defense of the defendant Virginia Fresca is granted, and that defendant's cross motion pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred and to cancel the notice of pendency is denied.
In January 2018, the plaintiff commenced this foreclosure action against, among others, the defendant Virginia Fresca (hereinafter the defendant). Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and dismissing the defendant's thirteenth affirmative defense, alleging that the action is barred by the statute of limitations. The defendant opposed the motion and cross-moved pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred and to cancel the notice of pendency. The Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. The plaintiff appeals from so much of the order as denied that branch of its motion which was for summary judgment dismissing the defendant's thirteenth affirmative defense, alleging that the action is barred by the statute of limitations, and granted the defendant's cross motion.
"An action to foreclose a mortgage is governed by a six-year statute of limitations" (Mardenborough v U.S. Bank N.A., 201 AD3d 641, 643; see CPLR 213[4]). "'[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Mardenborough v U.S. Bank N.A., 201 AD3d at 643, quoting Lubonty v U.S. Bank N.A., 159 AD3d 962, 963, affd 34 NY3d 250). However, "where acceleration occurred by virtue of the filing of a complaint in a foreclosure action, the noteholder's voluntary discontinuance of that action constitutes an affirmative act of revocation of [*2]that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 32).
Here, the plaintiff established, prima facie, that the time in which to commence the instant action had not expired. Insofar as the mortgage debt was accelerated in 2009, when the plaintiff commenced a prior foreclosure action and elected, in the complaint, to call due the entire amount secured by the mortgage, the plaintiff established that it had voluntarily discontinued that action, which revoked the acceleration as a matter of law (see id. at 32; Nationstar Mtge., LLC v Mei Kuey Wu Huang, 203 AD3d 938). In opposition, the defendant failed to raise a triable issue of fact. Consequently, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's thirteenth affirmative defense, alleging that the action is barred by the statute of limitations. For the same reason, the court should have denied the defendant's cross motion.
In light of our determination, we need not reach the plaintiff's remaining contentions.
LASALLE, P.J., CONNOLLY, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court