U.S. Bank N.A. v Johnson (2022 NY Slip Op 05557)

U.S. Bank N.A. v Johnson

2022 NY Slip Op 05557

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
SHERI S. ROMAN
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-10873
 (Index No. 604988/18)

[*1]U.S. Bank National Association, etc., appellant,
v
Erik Johnson, et al., respondents, et al., defendants.

Locke Lord, LLP, New York, NY (Shawn Brenhouse and Aileen McTiernan of counsel), for appellant.
Peter D. Tamsen, P.C., Bay Shore, NY, for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), dated July 31, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendants Erik Johnson and Christa Johnson which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Erik Johnson and Christa Johnson which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred is denied.
On February 1, 2008, the plaintiff commenced an action to foreclose a mortgage against, among others, the defendants Erik Johnson and Christa Johnson (hereinafter together the defendants). In an order dated October 27, 2011, the Supreme Court granted the plaintiff's motion to voluntarily discontinue that action.
On March 16, 2018, the plaintiff commenced the instant action against the defendants, among others, to foreclose the same mortgage. The defendants moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred. In an order dated July 31, 2019, the Supreme Court, among other things, granted that branch of the defendants' motion. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]), which begins to run on the entire debt once the debt is accelerated (see FV-1, Inc. v Thomas, 204 AD3d 758). However, a lender may revoke its election to accelerate the mortgage by an affirmative act of revocation occurring during the six-year statute of limitations period (see Deutsche Bank Natl. Trust Co. v Lewin, 205 AD3d 677, 681). Where, as here, "acceleration occur[s] by virtue of the filing of a complaint in a foreclosure action, the noteholder's voluntary discontinuance of that action constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 32).
Here, the defendants failed to meet their burden of establishing that the instant action was time-barred. The evidence they submitted in support of their motion demonstrated that the plaintiff accelerated the subject debt by commencing the prior action in 2008, but also that the plaintiff revoked that acceleration by voluntarily discontinuing that action within six years. Thus, the defendants failed to demonstrate, prima facie, that the 2008 acceleration rendered this action time-barred (see Deutsche Bank Natl. Trust Co. v Lewin, 205 AD3d at 681). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred.
The parties' remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., ROMAN, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court