US Bank N.A. v Livoti (2022 NY Slip Op 06025)

US Bank N.A. v Livoti

2022 NY Slip Op 06025

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2019-14106 
2020-05363
 (Index No. 3241/16)

[*1]US Bank National Association, etc., respondent,
v
Stella Livoti, appellant, et al., defendants.

Bader & Yakaitis, LLP, New York, NY (Pollack, Pollack, Isaac & DeCicco, LLP [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant.
Akerman, LLP, New York, NY (Scott B. Brenner, Jordan M. Smith, and Erica Goldman of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Stella Livoti appeals from (1) a decision of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated October 8, 2019, and (2) an order of the same court, also dated October 8, 2019. The order, insofar as appealed from, upon the decision, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer, affirmative defenses, and counterclaims, and for an order of reference, and denied those branches of that defendant's cross motion which were for leave to amend her answer to assert counterclaims pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage and pursuant to Real Property Law § 282(1) for an award of attorney's fees, and thereupon, for summary judgment on her newly-asserted counterclaims.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509, 509-510); and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
In August 2007, the defendant Stella Livoti (hereinafter the defendant) executed a note in the sum of $1,000,000 (hereinafter the subject loan), which was secured by a mortgage encumbering certain real property in Massapequa (hereinafter the subject mortgage). On August 27, 2009, nonparty CitiMortgage, Inc. (hereinafter CitiMortgage), commenced an action to foreclose the subject mortgage (hereinafter the 2009 foreclosure action). In April 2015, the Supreme Court granted the defendant's motion pursuant to CPLR 3215(c) to dismiss the complaint in the 2009 foreclosure action.
By letter dated July 9, 2015, CitiMortgage notified the defendant, in relevant part, that "[t]he maturity of the [subject loan] was previously accelerated by filing a lawsuit to foreclose the mortgage. . . . Although the foreclosure was dismissed, the note remains in full force and effect. [*2]The maturity of the [subject loan] is hereby de-accelerated, immediate payment of all sums owed is hereby withdrawn, and the [subject loan] is re-instituted as an installment loan" (hereinafter the de-acceleration letter).
CitiMortgage then assigned the subject mortgage to the plaintiff, and by summons and complaint dated April 29, 2016, the plaintiff commenced this foreclosure action against the defendant, among others, seeking to foreclose the subject mortgage. The defendant answered and asserted various affirmative defenses, including, among others, that the statute of limitations had expired.
In April 2019, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, affirmative defenses, and counterclaims, and for an order of reference. The defendant opposed the motion, and cross-moved, among other things, for leave to amend her answer to assert counterclaims pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage and pursuant to Real Property Law § 282(1) for an award of attorney's fees, and thereupon, for summary judgment on her newly-asserted counterclaims. The Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied those branches of the defendant's cross motion. The defendant appeals.
"An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]), which begins to run on the entire debt once the debt is accelerated" (21st Mtge. Corp. v Rivera, 195 AD3d 985, 987). A lender may revoke its election to accelerate the maturity of the mortgage debt if it does so by an affirmative act of revocation within the six-year statute of limitations period subsequent to the initiation of a prior foreclosure action (see US Bank N.A. v Cox, 203 AD3d 1206).
Here, in support of its motion for summary judgment, the plaintiff established, prima facie, that CitiMortgage validly revoked its election to accelerate the subject loan within the six-year limitations period by sending the letter dated July 9, 2015, clearly and unambiguously stating that the subject loan was de-accelerated and was reinstituted as a monthly installment loan.
In opposition, the defendant failed to raise a triable issue fact. Contrary to the defendant's contention, whether CitiMortgage's revocation of its acceleration was motivated by a desire to avoid the expiration of the statute of limitations is irrelevant (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 36; U.S. Bank N.A. v Cox, 203 AD3d 1206). Moreover, the defendant's contention that she did not receive the letter until September 2015, which was after the expiration of the statute of limitations, was insufficient to rebut the presumption of mailing established by the plaintiff's evidence that the letter was mailed by CitiMortgage's counsel prior to the expiration of the statute of limitations (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 23).
The Supreme Court properly denied those branches of the defendant's cross motion which were for leave to amend her answer to include counterclaims asserting a cause of action under RPAPL 1501(4) and seeking an award of attorney's fees pursuant to Real Property Law § 282(1), since the statute of limitations had not expired, and, therefore, the proposed amendments were patently devoid of merit (see U.S. Bank N.A. v Singer, 192 AD3d 1182, 1186). For the same reasons, the court properly denied those branches of the defendant's cross motion which were for summary judgment on those counterclaims.
BARROS, J.P., IANNACCI, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court