US Bank N.A. v Livoti (2025 NY Slip Op 06212)

US Bank N.A. v Livoti

2025 NY Slip Op 06212

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-10084
 (Index No. 3241/16)

[*1]US Bank National Association, respondent,
v
Stella Livoti, appellant, et al., defendants.

Gail M. Blasie, P.C., Garden City, NY, for appellant.
Akerman LLP, New York, NY (Jordan M. Smith and Scott B. Brenner of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Stella Livoti appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered September 21, 2023. The order, insofar as appealed from, denied those branches of that defendant's motion which were for leave to renew (1) that branch of her prior cross-motion which was for summary judgment dismissing the complaint insofar as asserted against her as time-barred, which had been denied in an order of the same court (Thomas A. Adams, J.) dated October 8, 2019, (2) in effect, her opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against her, to strike her answer and affirmative defenses, and for an order of reference, which had been granted in the order dated October 8, 2019, and, (3) in effect, her opposition to the plaintiff's prior motion to confirm a referee's report and for a judgment of foreclosure and sale, which had been granted in an order of the same court (David P. Sullivan, J.) entered December 20, 2022, and in an order and judgment of foreclosure and sale (one paper) of the same court entered December 20, 2022.
ORDERED that the order entered September 21, 2023, is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and those branches of the motion of the defendant Stella Livoti which were for leave to renew (1) that branch of her prior cross-motion which was for summary judgment dismissing the complaint insofar as asserted against her as time-barred, (2) in effect, her opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against her, to strike her answer and affirmative defenses, and for an order of reference, and, (3) in effect, her opposition to the plaintiff's prior motion to confirm a referee's report and for a judgment of foreclosure and sale are granted, and, upon renewal, so much of the order dated October 8, 2019, as denied that branch of that defendant's prior cross-motion is vacated, so much of the order dated October 8, 2019, as granted those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer and affirmative defenses, and for an order of reference is vacated, the order entered December 20, 2022, is vacated, and the order and judgment of foreclosure and sale is vacated, and thereupon, that branch of that defendant's prior cross-motion is granted, those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer and affirmative defenses, and for an order of reference are denied, and the plaintiff's prior [*2]motion to confirm the referee's report and for a judgment of foreclosure and sale is denied.
In August 2007, the defendant Stella Livoti (hereinafter the defendant) executed a note in the sum of $1,000,000, which was secured by a mortgage on certain real property located in Massepequa (hereinafter the subject mortgage). In August 2009, CitiMortgage, Inc. (hereinafter CitiMortgage), the plaintiff's predecessor in interest, commenced an action against the defendant, among others, to foreclose the subject mortgage (hereinafter the prior action). In an order entered April 16, 2015, the Supreme Court granted the defendant's motion pursuant to CPLR 3215(c) to dismiss the complaint in the prior action as abandoned. In a letter issued in July 2015, CitiMortgage notified the defendant of its intent to rescind its prior acceleration of the mortgage debt.
In May 2016, the plaintiff commenced this action against the defendant, among others, to foreclose the subject mortgage. The defendant interposed an answer and asserted several affirmative defenses, including that this action was time-barred. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and affirmative defenses, and for an order of reference. The defendant opposed the motion and cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against her as time-barred. By order dated October 8, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied that branch of the defendant's cross-motion. On appeal, this Court affirmed the order dated October 8, 2019, insofar as appealed from (see US Bank N.A. v Livoti, 209 AD3d 1054, 1057).
The plaintiff then moved to confirm the referee's report and for a judgment of foreclosure and sale, and the defendant opposed the motion. In an order entered December 20, 2022, the Supreme Court granted the plaintiff's motion, and the court also entered an order and judgment of foreclosure and sale of the same date granting the same relief to the plaintiff. On December 30, 2022, Governor Kathy Hochul signed the Foreclosure Abuse Prevention Act (FAPA) into law (see Assembly Bill Cover Page, Bill Jacket, L 2022, ch 821 at 1; Bayview Loan Servicing, LLC v Dalal, 232 AD3d 487, 488). In February 2023, the plaintiff served a copy of the order and judgment of foreclosure and sale with notice of entry on the defendant. Shortly thereafter, upon receiving permission from the court to do so, the plaintiff issued a notice of sale stating that a public auction regarding the subject property was scheduled for April 25, 2023.
In March 2023, the defendant moved, among other things, for leave to renew (1) that branch of her prior cross-motion which was for summary judgment dismissing the complaint insofar as asserted against her as time-barred, (2) in effect, her opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against her, to strike her answer and affirmative defenses, and for an order of reference, and, (3) in effect, her opposition to the plaintiff's prior motion to confirm the referee's report and for a judgment of foreclosure and sale. In support thereof, the defendant contended that FAPA constituted a change in the law that would have changed the Supreme Court's determination denying that branch of her prior cross-motion and granting those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against her, to strike her answer and affirmative defenses, and for an order of reference and the plaintiff's prior motion to confirm the referee's report and for a judgment of foreclosure and sale. The plaintiff opposed the defendant's motion. By order entered September 21, 2023, the Supreme Court, inter alia, denied those branches of the defendant's motion. The defendant appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221[e][2]). "Therefore, a motion for leave to renew is the appropriate vehicle for seeking relief from a prior order based on a change in the law" (JPMorgan Chase Bank, N.A. v Eze, 232 AD3d 865, 866 [alterations and internal quotation marks omitted]).
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "When a mortgage is payable in installments, separate causes of action accrue for [*3]each installment that is not paid and the statute of limitations begins to run on the date each installment becomes due" (FV-1, Inc. v Palaguachi, 234 AD3d 818, 820-821]). "Even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Sarkar v Deutsche Bank Trust Co. Ams., 225 AD3d 641, 643 [alterations and internal quotation marks omitted]). "An acceleration of a mortgage debt can occur when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due" (Collins v Bank of N.Y. Mellon, 227 AD3d 948, 950 [internal quotation marks omitted]). "Prior to FAPA, the Court of Appeals held that a noteholder that had caused the six-year limitations period to foreclose a mortgage secured by real property to accrue by electing to accelerate the debt could revoke the acceleration through a unilateral affirmative act of revocation occurring during the limitations period, such as by issuing a clear and unambiguous de-acceleration letter, or by voluntarily discontinuing a foreclosure action" (FV-1 Inc. v Samuels, 240 AD3d 757, 759, citing Freedom Mtge. Corp. v. Engel, 37 NY3d 1, 32). Pursuant to FAPA, "CPLR 203(h) [now] provides that once a cause of action to foreclose a mortgage has accrued, no party may, in form or effect, unilaterally revive or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the statute of limitations" (FV-1, Inc. v Palaguachi, 234 AD3d at 821).
Here, the plaintiff contends that FAPA was not intended to have a retroactive effect. However, "FAPA took effect 'immediately,' applying 'to all actions commenced on an instrument described under [CPLR 213(4)] in which a final judgment of foreclosure and sale has not been enforced'" (Wells Fargo Bank, N.A. v Edwards, 231 AD3d 1189, 1193, quoting L 2022, ch 821, § 10). Therefore, "'[a]lthough the Legislature did not explicitly state that FAPA should apply retroactively, it clearly indicated that it should'" (id., quoting Genovese v Nationstar Mtge. LLC, 223 AD3d 37, 44; see 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038, 1042). Further, contrary to the plaintiff's contention, FAPA applies where, as here, a plaintiff has scheduled a foreclosure auction sale but the auction sale has not yet been held, since the judgment of foreclosure and sale has not been "enforced" in such circumstance (L 2022, ch 821, § 10; see FV-1 Inc. v Samuels, 240 AD3d at 760; Wilmington Sav. Fund Socy., FSB v Thomas, 226 AD3d 1064, 1067).
Moreover, contrary to the plaintiff's further contentions, it failed to demonstrate that application of FAPA under the circumstances presented violates the Takings, Due Process, or Contract Clauses of the United States Constitution or the corresponding provisions of the New York State Constitution (see FV-1, Inc. v Palaguachi, 234 AD3d at 822; Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065, 1069-1071; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d at 1043).
Considering that FAPA applies under the circumstances presented, the defendant established that the mortgage debt was accelerated in August 2009 when CitiMortgage commenced the prior action and elected to call due the entire amount secured by the subject mortgage, thus triggering the accrual of the six-year limitations period (see Bank of N.Y. Mellon v Norton, 219 AD3d 680, 682). Since this action was not commenced until May 2016, the defendant demonstrated, prima facie, that this action was time-barred (see U.S. Bank N.A. v Jarrett, 233 AD3d 731, 732). In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact (see Wells Fargo Bank, N.A. v Brandt, 230 AD3d 623, 625).
The plaintiff's remaining contentions are without merit.
DILLON, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court