Bank of Am., N.A. v Marquez

2026 NY Slip Op 01935

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Bank of America, N.A., respondent,

v

Victor Alfaro Marquez, etc., appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2024-10739, (Index No. 601958/19)

Francesca E. Connolly, J.P.

Paul Wooten

Janice A. Taylor

Carl J. Landicino, JJ.

Grausso & Foy, LLP, Bohemia, NY (Edmond R. Foy of counsel), for appellant.

Davidson Fink, LLP, Rochester, NY (Richard N. Franco of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the defendant Victor Alfaro Marquez appeals from an order of the Supreme Court, Suffolk County (Christopher Modelewski, J.), dated March 13, 2024. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Victor Alfaro Marquez, to strike his answer, and for an order of reference.

ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Victor Alfaro Marquez, to strike his answer, and for an order of reference are denied.

In January 2019, the plaintiff commenced this action against, among others, the defendant Victor Alfaro Marquez (hereinafter the defendant), to foreclose a mortgage on certain real property located in Selden alleging, inter alia, that the defendant defaulted on the subject loan on August 1, 2018. The defendant interposed an answer in which he asserted affirmative defenses alleging, among other things, that the plaintiff failed to comply with the 90-day notice requirement of RPAPL 1304. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The defendant opposed the motion. In an order dated March 13, 2024, the Supreme Court, among other things, granted those branches of the plaintiff's motion. The defendant appeals.

"Where a defendant in a residential foreclosure action raises the issue of compliance with RPAPL 1304, the plaintiff must tender sufficient evidence demonstrating the absence of triable issues of fact as to its strict compliance with that statute" (Sparta GP Holding Reo Corp. v Lynch, 186 AD3d 894, 895; see U.S. Bank N.A. v Cox, 203 AD3d 1206, 1209). Pursuant to RPAPL 1304(1), the notice must, inter alia, set forth "the durational extent and dollar amount of the alleged payment default" (Emigrant Bank v Cohen, 205 AD3d 103, 108).

Here, the 90-day notice stated, among other things, that as of August 3, 2018, "your home is 33 days . . . in default," reflecting a date of default of July 1, 2018. However, the complaint alleged that the date of default was August 1, 2018. Based upon this discrepancy as to the date of default, the plaintiff failed to eliminate a triable issue of fact as to whether the 90-day notice was [*2]defective on its face (see Green Tree Servicing, LLC v Helmsorig, 227 AD3d 1053, 1055; U.S. Bank N.A. v Cox, 203 AD3d at 1210).

Accordingly, since the plaintiff failed to establish, prima facie, its strict compliance with RPAPL 1304, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).

In light of our determination, we need not reach the parties' remaining contentions.

CONNOLLY, J.P., WOOTEN, TAYLOR and LANDICINO, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court